NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
ERIKA JOHNSON-BROOKS (Cal. Bar No. 210908)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
    Telephone: (213) 894-0474
    Facsimile: (213) 894-7819
    E-mail: Erika.Johnson@usdoj.gov

Attorneys for Defendant
Kirstjen Nielsen, Secretary of the
United States Department of Homeland Security

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ABDALHADIE MOHD,<br><br>    Plaintiff,<br><br>vs.<br><br>KIRSTJEN NIELSEN, Secretary, United States Department of Homeland Security; and DOES 1-10, Inclusive,<br><br>    Defendants. | No. CV 17-08313 JAK (JCx)<br><br>**MODIFIED PROTECTIVE ORDER FOR MATERIALS CONSTITUTING SENSITIVE SECURITY INFORMATION**<br><br>[PARAGRAPHS 7, 12(b), 13 & 15 MODIFIED BY COURT] |

    Upon consideration of the Stipulation filed by the parties requesting that the Court issue a Protective Order in regard to Sensitive Security Information ("SSI") and for the good cause show, the stipulated request is GRANTED as modified.

This action may require the production and disclosure of information, documents, records, and things that constitute Sensitive Security Information ("SSI"), as defined in 49 C.F.R. Part 1520. All parties and their attorneys and the Court and its employees are "covered persons," as that term is defined in 49 C.F.R. § 1520.7, and therefore, the parties have agreed, pursuant to Rule 26 of the Federal Rules of Civil Procedure, to a protective order relating to the production and disclosure of such information, documents, records, and things in the above-styled action. The Court hereby enters this Protective Order:

1. The Protective Order ("Order") permits the sharing through discovery in this civil action of information and materials that are marked as SSI or may contain SSI, provided that the information is relevant to the case and that Plaintiff has or had access to the information during his employment with the Transportation Security Administration ("TSA").

2. SSI is a specific category of information that requires protection against unauthorized disclosure, pursuant to 49 U.S.C. § 114(r) and 49 C.F.R. Part 1520. SSI may only be disclosed to "covered persons" who have a "need to know" as those terms are defined in the foregoing regulation. Unauthorized disclosure of SSI may be detrimental to the security of transportation, may constitute an unwarranted invasion of personal privacy, or may reveal a trade secret or privileged or confidential or financial information. Unauthorized disclosure may also result in a civil enforcement penalty or other enforcement action by the TSA against the party making the unauthorized disclosure.

3. "Discovery material" encompassed by this protective order includes, without limitation, deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, documents produced pursuant to compulsory process or voluntarily in lieu of process, and any other documents or information produced or given to one party by another party or by a third party in

connection with discovery in this matter. Information taken from discovery material that reveals its substance shall also be considered discovery material.

4. SSI should be safeguarded in such a way that it is not physically or visually accessible to persons who do not have a "need to know," as defined in 49 C.F.R. Part 1520. "Covered persons" have an express duty to protect against the unauthorized disclosure of SSI. 49 C.F.R. § 1520.9. SSI must be safeguarded in such a way that it is not physically or visually accessible to persons who do not have a "need to know," as defined in 49 C.F.R. § 1520.11. When unattended, SSI must be secured in a locked container or office, or other restricted access area. All documents submitted by Plaintiff and Plaintiff's counsel for review by TSA should be treated as potentially containing SSI.

5. The right of access to materials marked as SSI or containing SSI shall be limited to the Court and its employees, Plaintiff, and counsel for the parties, including their paralegal, secretarial and other legal personnel in their employ. Court reporters retained by the parties for purposes of recording depositions and who have signed a TSA-approved Non-Disclosure Agreement may also have access to SSI.

6. Documents containing SSI that inadvertently have not been marked as SSI still must be safeguarded against unauthorized disclosure. Deposition testimony that may contain SSI should be so designated by verbal notice or written notice within 10 days of receipt of the transcript. However, testimony containing SSI that is not designated, through mistake, nonetheless must be safeguarded against unauthorized disclosure.

7. Documents that contain SSI may not be further disseminated to persons without a need to know except with written permission from TSA. SSI must not be disclosed by either party to any person or entity other than the Court and its employees and those enumerated below in paragraph eight. Documents that are marked SSI or, though not marked, contain SSI, shall be treated as confidential

1 and shall not be published or made available to the general public in any form
2 (whether in paper or electronic form), but instead shall be submitted for filing
3 under seal in accordance with Local Rule 79-5. Material filed under seal will be
4 available only to the Court and its employees and the persons enumerated in
5 paragraph 8. Alternatively, if disclosure of SSI is not material to the filing itself,
6 the parties will redact SSI from their filings.

      8. Plaintiff and counsel for the parties, including their paralegal, secretarial and other legal personnel in their employ, may use SSI disclosed to them in this litigation only for the purpose of this litigation.

      9. All documents subject to this Order shall be marked as follows: "Confidential: Subject to SSI Protective Order in Mohd v. Nielsen, No. 17-cv-8313." All documents subject to this Order shall also comply with 49 C.F.R. § 1520.9(b) and § 1520.13.

      9. Nothing in this Stipulation and Protective Order shall limit or affect the admissibility into evidence of SSI or Confidential materials during trial or any other proceeding, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of SSI and Confidential materials.

      10. Absent a stipulation of all parties, the parties agree to seek a modification of the Protective Order regarding the admissibility at trial of any document or information designated as "Confidential" pursuant to this Order, or the fact that any information has been designated as "Confidential."

      11. All documents subject to this Order in the possession of Plaintiff or Plaintiff's counsel shall be returned to TSA via the United States Attorney's Office for the Central District of California within 60 days of termination of this litigation, including any appellate proceedings, or shall be certified in writing to have been destroyed by Plaintiff or Plaintiff's counsel.

///

12. A Party may challenge the designation of any Material as "Confidential." In such event, the following procedure shall be utilized:

    a. The Party challenging the confidentiality designation ("Challenging Party") shall provide counsel of record for the Producing Party written notice of each designation it is challenging and the basis for each challenged designation;

    b. If the Challenging Party and the Producing Party cannot reach agreement concerning the matter within 10 calendar days after receipt of the notice, or such shorter time as the Court may allow, then, after the expiration of the 10 day period from receipt of the notice, the Challenging Party may file and serve a motion for an order of this Court for appropriate relief. Such motion must be filed and served with the notice required by statute, or as shortened upon stipulation and/or order of the Court. Any such motion shall be noticed for hearing on the earliest possible date under the Local Rules on the Court's law and motion calendar.

13. Nothing in this Order shall preclude any disclosure of documents subject to this Order to any District Judge, Magistrate Judge or employee of the Court for purposes of this action.

14. This Order is without prejudice to the rights of any party to make objections to discovery or use of SSI, or documents that may contain SSI, permitted by the Federal Rules of Civil Procedure, or any statute, regulation, local rule of court, or other authority.

///
///
///
///
///

15. Any use of SSI during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of SSI during a court hearing or at trial.

IT IS SO ORDERED this 28th day of June, 2018

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE